UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **BARBARA LOGAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 1:04-cv-0797-SEB-JPG |
| vs. ) | |
| ) | |
| **THE INDIANA DEPARTMENT OF** ) | |
| **CORRECTIONS, DEAN REIGER, ROSE** ) | |
| **VAISVILAS, JIM LADD, RON RICE,** ) | |
| **DOUGGEHRKE, PRISON HEALTH** ) | |
| **SERVICES OF INDIANA, LLC and CRAIG** ) | |
| **UNDERWOOD,** ) | |
| ) | |
| **Defendants.** ) | |

## ENTRY ON MOTION TO RECONSIDER

Plaintiff has filed a motion asking us to reconsider a portion of our grant of summary judgment in which we ruled in favor of Defendants Dean Reiger, Rose Vaisvilas and Doug Gehrke with respect to Plaintiff's § 1983 claim. She argues that we erred in dismissing those individual defendants from her claim of retaliation resulting from the exercise of her First Amendment right to free speech. In our order of November 8, 2005, we dismissed the individual liability claims under § 1983 against Reiger, Vaisvilas and Gehrke, consistent with their argument and the absence of any evidence to the contrary that they were not involved in the decision leading to Plaintiff's termination of employment. In that entry, we noted that while the allegations in the Plaintiff's case characterized the three Defendants as conspicuous in their criticism and threats toward Logan, they had no actual input into the termination decision. We wondered aloud in our ruling whether there might be potentially a "cat's paw" theory of culpability against these defendants, but because Plaintiff had not raised that theory or responded

to Defendant's contention that Reiger, Vaisvilas and Gehrke played no role in her termination, we perceived no need for the court, sua sponte, to develop that theory as a possible basis for relief.

In the Motion to Reconsider, Plaintiff cites the Seventh Circuit's decision in *Power v. Summers,* 226 F.3d 815 (7th Cir. 2000), arguing that its reasoning, applied here, would allow her to continue the pursuit of individual liability claims against these three Defendants on her retaliation claim. She argues that *Power* holds that, in a First Amendment § 1983 context, her termination is not a necessary element of a claim of retaliation, because, unlike a Title VII claim, there need not be an adverse employment action; stated otherwise, she could prevail on a theory of retaliation for exercising First Amendment rights on the basis of Defendants' harassment of her. *Id.* at 820.

Earlier in the summary judgment briefing, Plaintiff referred us to *Gustafson v. Jones*, 290 F.3d 895 (7th Cir. 2002), which speaks to a requirement that a plaintiff, in a First Amendment retaliation case, prove that her "speech played at least a substantial part in the employer's decision to take an adverse employment action." *Id*. at 906. While upon first review Gustafson and *Power* seem to conflict regarding whether an "adverse employment action" is a requirement of a claim for retaliation, we think a careful reading of these two cases allows them to be reconciled. In *Power*, the Seventh Circuit noted that in a previous First Amendment retaliation case, *Deguiseppe v. Village of Bellwood,* 68 F.3d 187 (7th Cir. 1995), it used the phrase "adverse employment action" in a manner that may have caused confusion to those who considered the phrase only in its common Title VII usages, that is to describe terminations, demotions

disciplinary actions and other events in discrimination cases. *Power, 226 F.3d* at 820-821. In a First Amendment retaliation case, an adverse employment action is required to the extent that the conduct or action being complained of by the plaintiff must have been "sufficiently *adverse* to deter the exercise of those [First Amendment] rights." *Id*. at 821. The conduct of Reiger, Vaisvilas and Gehrke, as we have previously noted, was allegedly hostile to a degree that it could be considered harassment of Plaintiff based on her exercise of her First Amendment rights and thus actionable as such against these Defendants in their individual capacities.[1]

We are left with the question of whether this theory of relief was, or should have been addressed in the original briefing on Defendant's Motion for Summary Judgment to determine if it has been waived. Tracing back to the beginning of the litigation, we find that Plaintiff did include references to alleged harassment in her complaint brought on by her exercise of her First Amendment right to free speech; indeed, she renewed that claim of retaliatory harassment in her synopsis of the case in the Case Management Plan. Defendants, though they acknowledged Plaintiff's retaliatory harassment claim in the introductory paragraphs of their summary judgment brief, omitted any discussion of this basis for relief in the substantive portion of their brief beyond the request by IDOC officials that Prison Health Services transfer Plaintiff to another facility, which prompted her termination after she refused to accept the transfer.

---

[1] We again remind the parties that in October of 2005 the Supreme Court heard oral argument in the case of *Garcetti, et al. V. Ceballos,* No. 04-473, an appeal from the Ninth Circuit which presents a question with regard to whether First Amendment protection should be accorded job-related speech simply because it touches on matters of public concern. So, further instruction may be forthcoming prior to trial and the issues may need to be re-framed at some point, but for now we must reach our decision on the basis of current precedent from the Supreme Court and our Seventh Circuit Court of Appeals.

Consequently, when Plaintiff responded to the issues as raised by Defendants in their summary judgment motion and brief, she did not raise or develop her claim of retaliatory harassment under § 1983 against Reiger, Vaisvilas and Gehrke, beyond the inclusion of the factual recitations describing their acts as harassment in retaliation for her protected speech. In addition, Plaintiff failed completely to respond to Defendant's contention that Reiger, Vaisvilas and Gehrke had nothing to do with the decision to recommend that she be transferred. Similarly, Plaintiff has offered no basis for applying a cat's paw theory of liability against these defendants. Therefore, because the undisputed evidence establishes that Reiger, Vaisvilas and Gehrke were not a part of the termination decision, they can not be held individually liable for Plaintiff's transfer or termination. Accordingly, that part of our summary judgment ruling remains unchanged.

The Court's initial analysis would have been sharper had Plaintiff made clear in her response to the summary judgment motion, instead of waiting to advance that theory in her motion to reconsider, that the harassment she was complaining of was intended to supply an independent basis for her retaliation claim. Defendants' discussions in their summary judgment motion and brief pose the same weakness. Having acknowledged their awareness of Plaintiff's harassment claim, Defendants should have directed their motion to the entirety of Plaintiff's claim, especially since they asserted that their motion was directed to all of Plaintiff's claims.

We therefore conclude that, because Plaintiff both pled and thereafter argued that the conduct of Reiger, Vaisvilas and Gehrke constituted harassment of her as retaliation for her exercise of her First Amendment rights, which claim is supportable by some evidence, Plaintiff's Motion to Reconsider (Docket # 65 ) should be and is hereby GRANTED. Plaintiff's personal

liability claims against Reiger, Vaisvilas and Gehrke under the § 1983 claim are reinstated and may proceed to trial. The remainder of the Court's rulings in its summary judgment order stand as originally issued.

IT IS SO ORDERED   01/23/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:
Richard M. Bramer
INDIANA STATE ATTORNEY GENERAL
rbramer@atg.state.in.us

David Robert Brimm
WAPLES & HANGER
dbrimm@wapleshanger.com

Roger K. Kanne
ZEIGLER COHEN & KOCH
rkanne@zcklaw.com

Kathryn Lynn Morgan
INDIANA STATE ATTORNEY GENERAL
kmorgan@atg.state.in.us

Juliana Beth Pierce
INDIANA STATE ATTORNEY GENERAL
jpierce@atg.state.in.us

Richard A. Waples
WAPLES & HANGER
richwaples@aol.com